FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 24 AM 7: 20

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL E. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO:    04-3234** |
| **JO ANNE B. BARNHART**<br>**COMMISSIONER OF SOCIAL SECURITY** | **SECTION:  "N" (4)** |

### REPORT AND RECOMMENDATION

## I.    Introduction

The claimant, **Michael E. Smith** ("Smith"), seeks judicial review pursuant to Title 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under Title II.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

## II.    Factual Background

Smith is a fifty-year-old male who filed an application for a period of disability and DIB alleging a disability onset date of December 31, 2002. He alleges that he is disabled from hypertension, obesity, diabetes, mellitus, depression, degenerative joint disease, osteoarthritis, and hearing loss. His application was denied and he timely filed a request for hearing on March 16, 2004. (Tr.8). A hearing took place before the Administrative Law Judge ("ALJ") on July 7, 2004. (Tr. 12).

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

On July 30, 2004, the ALJ issued a decision finding that Smith had a combination of "severe" physical and mental impairments imposing more than minimal limitations on his ability to work. (Finding 3, Tr. 18). He also found that Smith had the residual functional capacity to perform a reduced range of light work activity but that he could not perform his past relevant work. (Findings 5-6, Tr. 19). Because the ALJ found that there was a sufficient number of jobs in the national economy that Smith could perform, he concluded that Smith was not disabled within the meaning of the regulations. (Findings 8-9, Tr. 18).

Smith sought review of the ALJ's decision by the Appeals Council on October 7, 2004. (Tr. 7). The Appeals Council denied his request for review and affirmed the decision of the Administrative Law Judge. (Tr. 4). He therefore sought review of the administrative findings in this Court on November 30, 2004. (Rec. Doc. No. 1).

On appeal, Smith contends that the ALJ's decision is not based upon substantial evidence because he is in serious pain and discomfort and should be entitled to a period of disability even though he returned to work. In support of his position, Smith attached two medical reports as additional evidence. The Commissioner contends that (1) the ALJ properly assessed Smith's residual functional capacity, (2) the ALJ properly relied on the testimony of the vocational expert in finding that Smith was not disabled, and (3) Smith's additional evidence does not justify remand.

## III.   **Standard of Review.**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is determining whether there is substantial evidence in the record supporting the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo,* or substitute its judgment for that of the Commissioner. *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson*

2

*v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established and a Court will not find "substantial evidence" if there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The Social Security Act defines disability as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A). Section 423(d)(3) of the Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

When determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can

do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

The burden of proof is on the claimant for the first four steps, but shifts to the Secretary at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

## IV.    Analysis

### A.    Whether the ALJ properly assessed Smith's Residual Functional Capacity

Smith contends generally that he is entitled to a period of disability even though he has returned to work. According to Smith, he applied for his commercial driver's license and returned to work from December 2004 through February of 2005 because his health improved. The Commissioner contends that Smith is not entitled to disability as the ALJ properly assessed his Residual Functional Capacity ("RFC").

Full analysis of step four requires that the ALJ "consider whether the claimant retains the [RFC] to perform . . . past relevant work." *Burnett*, 22 F.3d at 121. RFC is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s). *Kindle v. Barnhart*, No. CIV.A.1:03-485, 2005 WL 588241, at *2 (W.D. Tex. Jan. 24, 2005); *see also* 20 C.F.R. § 404.1545(a). The ALJ must consider all relevant evidence when determining an individual's RFC in step four. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a), 404.1546; *Burnett*, 220F.3d at 121. Relevant evidence includes medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others. *See* 20 C.F.R. § 404.1545(a). Additionally, the ALJ's finding of RFC must "be accompanied by a clear and satisfactory explanation of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981).

The ALJ found that Smith had the RFC to perform a reduced range of light work activity, allowing for occasional pushing and pulling activities with his right leg. (Tr. 17). He further found

4

that Smith could perform limited overhead reaching, stair climbing, balancing, crouching, kneeling, and crawling with a sit and stand option. *Id.* He also found that Smith should avoid activities involving climbing ladders, scaffolds and ropes and also that because of his depression, Smith should have only incidental contact with the general public. *Id.* The ALJ additionally found that Smith's RFC for light work is supported by the collective medical opinions and findings made by the claimant's treating physicians, the state medical consultants, and the relevant diagnostic testing found in the record. *Id.*

The medical records show that at a January 29, 2001 exam by Smith's orthopaedist, Dr. Gordon Nutik, Smith's left knee had improved and there was no swelling. (Tr. 124). At that point, Smith had resumed working and Dr. Nutik was of the opinion that he had the residual capacity to drive the truck. (Tr. 125). On February 29, 2001, Dr. Nutik opined that Smith could do light to medium work which consisted of driving but he restricted Smith from climbing up and down to off-load the truck. (Tr. 123). He noted that Smith was complaining of pain and Tylenol was recommended to assist in reducing his pain. (Tr. 123).

The record suggests that Smith's physical health declined from 2001 to 2004 because as of the ALJ's 2004 decision, the ALJ found that Smith only had the RFC for light work activity and that he could no longer work as a truck driver. (Tr. 17). He noted that the state medical consultant, after reviewing Smith's file, found that Smith could only perform a reduced range of light work activity

The record further shows that Dr. Miljana Mandich examined Smith on February 25, 2004. (Tr. 158). On examination, Smith weighed 342 pounds. (Tr. 160). He was noted as ambulating with slight self-support when getting on and off the chair and exam table. *Id.* He had a normal range of motion in the neck but complained of back pain in paracervical muscles extending into the right trapezius muscle across his low back at the waist level. *Id.* He could walk on his heels and toes,

squat more than halfway down, and rise without support complaining of his knees. *Id.* His hypertension was controlled amd he was noted as suffering with depression. ( Tr. 162)   His neurological exam was normal with no muscle weakness or atrophy. ( Tr. 162).  Osteoarthritis was noted in his left knee. (Tr. 164).

The state consultant also completed an RFC assessment. ( Tr. 165).  She found that Smith had degenerative disc disease of the cervical spine, osteoarthritis of the right knee, and obesity. *Id.*  She found that exertionally, Smith was limited to occasionally lifting and carrying twenty pounds, but that he could frequently lift ten pounds. (Tr. 166).

She further found that Smith could stand, walk, or sit six hours out of an eight- hour work day. *Id.*  She also found that Smith was limited in the lower extremities from pushing and or pulling because of his knee. *Id.*    Additionally, she found that Smith could occasionally climb, balance, stoop, kneel, crouch, and crawl, and that he had no manipulative, visual, communicative or environmental limitations. ( Tr. 169).

"Light" work is defined in 20 C.F.R. § 416.910(c) as:

Light work. Light work entails lifting 20 pounds maximum with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree, or when it involves sitting most of the time with a degree of pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must be capable of performing substantially all of the foregoing activities. The functional capacity to perform light work includes the functional capacity to perform sedentary work.

The Court concludes that the ALJ's RFC finding is supported by the record and is therefore based upon substantial evidence.

**B.     Whether Plaintiff's additional evidence justifies a remand**

Smith contends that his request for benefits should be granted because he provided additional

medical evidence of his inability to work. He contends that he can no longer work because of the severity of the pain he now experiences.

The Commissioner contends that the additional evidence submitted by Smith should not be considered by the Court as the Court is restricted to review of the evidence that was submitted during the administrative review. Further, the Commissioner contends that to the extent that Smith seeks an order remanding this action to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g), some of the evidence submitted is not new, and the remaining evidence is insufficient to justify a remand.

Before a Court can issue a sentence six remand pursuant to 42 U.S. C. § 405(g) there must be a showing that there is new evidence, which is material, and that there is good cause for failure to incorporate such evidence into the record prior to the proceedings. *Sears v. Bowen*, 840 F.2d 394, 399 (7th Cir.1988). Evidence is not new if it is merely cumulative. *Id.* (citing *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136 (1st Cir.1987)).

In the instant case, the Court notes that Smith submitted a letter from Dr. Naheed Qayum of the Department of Veterans Affairs Medical Center dated January 15, 2005. This one page letter is written generally and provides a listing of the medical problems that Smith experiences. The letter also re-articulates Smith's complaints of constant pain and indicates that he can no longer work even though, at the time the letter was written, Smith was working. The letter indicates that Smith seemingly expressed fear of being discharged if his employer ever learned about the laundry list of ailments with which he suffers.

The Court is of the opinion that Dr. Qayum's letter is insufficient to constitute grounds for a sentence six remand. He fails to provide any diagnostic evidence of the conditions and there is no evidence that on January 19, 2005 Smith went to him for clinical examination nor is there evidence that Dr. Qayum provided any form of medical care to Smith on the date of the letter. The Court

therefore finds that (1) it is precluded from considering the new evidence at this stage of the proceeding and (2) the new evidence is not material as it contains only conclusory statements without medical diagnostic test results, clinical examination or an indication of medical care provided by Dr. Qayum.[1] Therefore, the ALJ's opinion is based upon substantial evidence and Dr. Qayum's letter does not provide a sufficient basis for a sentence six remand.

**C.    Whether the ALJ properly relied on the testimony of the vocational expert.**

Finally, the Court must consider Smith's contention that he can longer perform any type of work.[2] The Commissioner contends that the ALJ properly found that Smith could work albeit in a light duty capacity and that there were sufficient light duty jobs in the economy for him to perform.

In order to satisfy his burden, the Secretary must show that a claimant can perform at least a substantial majority of the jobs within the claimant's RFC. *Talbot v. Heckler*, 814 F.2d 1456, 1462 n. 3 (10th Cir.1987). The Fifth Circuit has never clearly established the minimum number of jobs necessary to constitute a "significant number." However, the Circuit courts which have considered this issue have determined that:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

---

[1] To the extent that Smith attached the results of diagnostic tests, the Court notes that the information provided is consistent with the other medical evidence contained in the existing record which was consider by the ALJ at the administrative level.

[2] To the extent Smith contends that he can no longer work due to the increase in pain, there are no records which show an increase in medication given for him to live with the pain and further he conceded in his submission to the court that he is currently working despite the pain in a truck driving job which is less demanding than his earlier job. Pain constitutes a disabling condition when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Selders v. Sullivan*, 914 F.2d 614, 618-19 (5th Cir. 1990).

*See Hall v Bowen,* 837 F.2d 272, 275 (6th Cir. 1988).

In *Martinez v. Heckler*, the Court upheld the ALJ's finding that 3,750 to 4,250 jobs were a significant number. 807 F.2d 771, 775 (9th Cir. 1986). The Sixth Circuit has found that 1,350 jobs in the local economy constituted a significant number. *Hall*, 837 F.2d at 275. The Eighth Circuit has held that as few as 500 jobs were a significant number. *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988). The Tenth Circuit, in *Trimiar v. Sullivan*, upheld the ALJ's reliance on the vocational expert's testimony that there were 900 significant jobs in the claimant's home state consisting of escort driver, recreational facility attendant and telephone solicitor. 966 F.2d 1326, 1330 n.10 (10th Cir. 1992).

Additionally, decisions by the District Courts suggest that as few as 500 jobs is significant. *See e.g., Salazar v. Califano*, Unemp.Ins.Rep. (CCH, para. 15,835) (E.D.Cal.1978) (600 jobs is significant number); *Uravitch v. Heckler*, CIVA.84-1619-PHX-PGR, slip op. (D.Az. May 2, 1986) (even though 60-70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions constitute significant number). In *Denais v. Secretary of Health and Human Services*, Judge Haik upheld the vocational expert's testimony that there were jobs in the categories of billing, posting, calculating clerk (42 jobs); communication equipment operators, NEC (30 jobs); and as a cost and rate clerk (629 jobs); receptionists and record clerk (181 jobs). 820 F.Supp.278 (W.D. La. 1993). Judge Haik concluded that 1004 jobs in Louisiana was significant. *See id.*

Upon review of the record, the Court finds that the record as a whole and the applicable law support the ALJ's finding that there are significant jobs in the economy at the sedentary to light level. According to the record, the ALJ held that Smith retained the residual capacity to perform sedentary to light work, not just light work. The vocational expert found that at the sedentary level Smith there were 11,000 jobs in the local economy. (Tr. 40). She found that there were 30,000 jobs in the light

work category and 600,000 jobs in the national economy. *Id.*

She further found Smith would be excluded from the cashier job because he is limited in his ability to deal with the public but that in the other categories there were sufficient jobs in the economy for him to work, i.e., packaging and filling machine operator. *Id.* Based upon the testimony of the vocational expert who is most familiar with the working attributes of jobs and the skills needed for the jobs, the Court concludes that the ALJ's decision was based on substantial evidence.

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Michael E. Smith's application for Disability Insurance Benefits be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of February, 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

10